UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMASINA JACKSON,

    Plaintiff,

v.

CITIMORTGAGE, DEUTSCHE BANK,
and AMERICAN HOME MORTGAGE
SERVICING,

    Defendants.
_____/

Case No. 10-14221

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 4, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

On October 21, 2010, Thomasina Jackson ("Plaintiff") filed this *pro se* action against CitiMortgage ("Citi"), Deutsche Bank, and American Home Mortgage Servicing, alleging violations of federal and state law in connection with the origination of a mortgage loan and subsequent foreclosure of the mortgage. Presently before the Court is Citi's Motion to Dismiss or for Summary Judgment, filed on November 24, 2010 pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56. The Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and for the reasons stated below, grants Citi's Motion to dismiss this action for lack of subject matter jurisdiction.

## I. Factual and Procedural Background

Plaintiff alleges that she resides at 19021 Webster, in Southfield, Michigan. Compl. ¶ 1. She claims that Defendants were involved in making mortgage loans relating to this property, and failed to provide disclosures required by the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq.* Compl. ¶ 36. Plaintiff also claims that an unspecified Defendant foreclosed on the mortgage without providing required notices. *Id.* ¶ 22.

Citi claims that Lawrence Jackson, presumably a relative of Plaintiff, purchased the property at 19021 Webster on April 17, 2000. Citi Br. 5. Lawrence Jackson obtained a loan of $166,400 from Royal Mortgage Company on May 23, 2003 in exchange for a mortgage on the property. *See* Citi Br. Ex. A. Citi began servicing this loan effective December 1, 2003. Citi claims that this loan was paid in full on April 15, 2005, and a Discharge of Mortgage was later filed with the Oakland County Register of Deeds. *See* Citi Br. Ex. C. Citi argues that its only involvement with the loan ended at this time.

On April 11, 2005, Lawrence Jackson obtained a loan of $188,000 from American Home Mortgage Acceptance, Inc., giving the lender a mortgage as security. *See* Citi Br. Ex. D. He apparently defaulted on this obligation later, and American Home Mortgage Acceptance assigned the mortgage to Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-2, Mortgage Backed Notes, Series 2005-2. *See* Citi Br. Ex. E at 1. Deutsche Bank National Trust Company purchased the property at a sheriff's sale on March 30, 2010. *Id.* The statutory redemption period expired six months later, on September 30, 2010. *Id.* at 2.

On September 30, 2010, Plaintiff filed suit in Oakland County Circuit Court against Citi, Deutsche Bank, and American Home Mortgage Servicing, stating that the sheriff's sale was void and should be set aside. On October 21, Plaintiff filed this action in the Eastern District of Michigan against the same Defendants, alleging violations of federal and state law in connection with the origination of the mortgage loan and the subsequent foreclosure of the mortgage. Citi filed its Motion to Dismiss on November 24, 2010, arguing that the Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Alternatively, Citi argues that it should be granted summary judgment, as Plaintiff has failed to establish a genuine issue of material fact. Plaintiff has not responded to Citi's Motion.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) seeks to dismiss a complaint for lack of proper subject matter jurisdiction. Proper jurisdiction is a requirement in determining the validity of a claim, and as such, Rule 12(b)(1) motions must be considered by a court prior to any other challenges. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946). Motions to dismiss for lack of proper subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself. *Id.* During a facial attack, the court must treat all material allegations in the complaint as true and construe the allegations in the light most favorable to the non-moving party. *Id.* A factual attack, on the other hand, challenges the factual existence of subject matter jurisdiction. *Id.* "On such a motion, no presumptive of

truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* It is the plaintiff's burden to demonstrate that the court has subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

### III. Discussion

Citi argues that this action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks standing to assert her claims. A plaintiff's lack of standing under Article III of the United States Constitution deprives a federal court of subject matter jurisdiction. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008). To satisfy Article III's case or controversy requirement, which is the "irreducible constitutional minimum of standing," a plaintiff must show: (1) that she has suffered an injury in fact; (2) that the injury is fairly traceable to the actions of the defendant; and (3) that the injury is likely to be redressed by a favorable decision. *Bennett v. Spear*, 520 U.S. 154, 162, 117 S. Ct. 1154, 1161 (1997).

Citi contends that Plaintiff lacks standing to bring her defective foreclosure claims because the applicable redemption period has expired. Pursuant to Michigan law, the former owner's rights in property are extinguished by the expiration of the redemption period. Michigan Compiled Laws § 600.3236; *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 516 (Mich. 1942). "At that point, the former owner loses standing to assert claims with respect to the property." *Moriarty v. BNC Mortg., Inc.*, No. 10-13860, 2010 U.S. Dist. LEXIS 132576, at *4-5 (E.D. Mich. Dec. 15, 2010). The property at issue was sold at a sheriff's sale on March 30, 2010, and the redemption period

4

expired on September 30, 2010.  Citi Br. Ex. E at 1.  Plaintiff therefore lacks standing to challenge the validity of the foreclosure or sheriff's sale, and her claims with respect to the property must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiff's remaining claims are based on status as a borrower, as she alleges missing disclosures and misconduct relating to a mortgage loan.  Citi argues that because Plaintiff was not a party to any of the loans in question, she lacks standing to assert such claims.  Citi Br. 9.  There is no evidence indicating that Plaintiff was a party to a loan transaction, and the Court is unaware of any authority imposing disclosure requirements on lenders with respect to non-parties such as Plaintiff.  Absent some indication that Defendants' alleged misconduct caused Plaintiff to suffer an injury in fact, the Court cannot conclude that Plaintiff has standing to bring her claims.  Accordingly, Plaintiff's remaining claims must be dismissed for lack of subject matter jurisdiction.

Based on the evidence presented, it is clear that Plaintiff lacks standing to bring her claims against any of the named Defendants.  Although only Citi has moved to dismiss this action for lack of subject matter jurisdiction, federal courts must consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.  *Answers in Genesis of Ky., Inc. v. Creation Ministries, Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  Plaintiff's claims must therefore be dismissed with respect to all Defendants in this action.

Because the Court lacks subject matter jurisdiction over Plaintiff's claims, Citi's Motion to Dismiss pursuant to Rule 12(b)(6) and its Motion for Summary Judgment pursuant to Rule 56 are moot.  *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 272 (6th Cir. 1990).

## IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Citi's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED.**


                                               s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:

Thomasina Jackson
19021 Webster
Southfield, MI 48076

Christyn M. Scott, Esq.
Kathryn J. Miller, Esq.
David G. Michael, Esq.
Mark E. Plaza, Esq.